United States District Court
Middle District of Florida
Jacksonville Division

**DOUGLAS C. JONES,**

*Plaintiff,*

v.                                                                                          NO. 3:17-CV-867-J-39PDB

**THE DISTRICT BOARD OF TRUSTEES OF FLORIDA
STATE COLLEGE AT JACKSONVILLE, FLORIDA,**

*Defendant.*

# Order

Before the Court is the defendant's motion to compel discovery responses from Douglas Jones. Doc. 40. Mr. Jones, proceeding pro se, has not responded to the motion, and the time for doing so has passed.

The defendant explains that, on February 8, 2019, it served its first set of interrogatories and request for production on Mr. Jones. Doc. 40 at 2. On March 21, 2019, counsel emailed Mr. Jones about the overdue responses and explained counsel would file a motion to compel if he did not respond. Doc. 40 at 2. The defendant attaches a copy of the email, in which counsel also asks Mr. Jones about possible deposition dates in April or May. Doc. 40-1. Mr. Jones did not respond to the email or the discovery requests. Doc. 40 at 2. The defendant seeks an order compelling Mr. Jones to respond to the discovery requests and awarding reasonable attorney's fees and expenses incurred in bringing the motion. Doc. 40 at 2.

A party must respond to any interrogatories and request for production within thirty days of service unless a court orders, or the parties stipulate to, a different response time. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). If a court grants a motion to compel discovery, a court "must, after giving an opportunity to be heard, require the party or

deponent whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

Mr. Jones has not responded to the discovery requests. As the Court explained to Mr. Jones at the beginning of the case, "the rules apply to all parties regardless of whether they have a lawyer." Doc. 5 at 1 (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). The Court **grants** the motion to compel, Doc. 40, and **orders** Mr. Jones, by **May 17, 2019**, (1) to respond in full to the first set of interrogatories and request for production; (2) to provide counsel for the defendant at least five days in May and June when he is available for a deposition; and (3) file a document with the Court showing cause why he should not be ordered to pay reasonable expenses incurred in making the motion, including attorney's fees. If he fails to timely take these three actions, an order to show cause why the case should not be dismissed for failure to prosecute or follow the Court's order will issue.

**Ordered** in Jacksonville, Florida, on May 2, 2019.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:  Counsel of record

   Douglas C. Jones
   9137 Tamworth Road
   Jacksonville, FL 32208